### ELLEN B. BARTS *vs.* LEONARD MORSE & another.

Middlesex.   Jan. 10. — 13, 1879.   COLT & ENDICOTT, JJ., absent.

In an action for an assault, if the defendant has been allowed to testify fully as to all that was said or done at the time, he has no ground of exception to the exclusion of questions put to him in such a form as to call for an opinion upon the question whether his act was justifiable.

TORT for assault and battery.

At the trial in the Superior Court, before *Aldrich*, J., it appeared that, prior to the alleged assault, the plaintiff, her husband and children were occupying a tenement in a house owned by the defendant Morse, under an oral lease from him to the plaintiff's husband, with rent payable monthly.   The plaintiff offered evidence tending to show that on August 6, 1877, the defendants came to that house between nine and ten o'clock in the forenoon, her husband being absent at the time, and commenced taking off the doors; that, as soon as she discovered them, she forbade their doing so, but they continued, and slid the doors off; that, after they had taken the doors off, the defendant Garfield began to remove a chest in the hall from the premises, when the plaintiff raised a chair with which to strike him; that, as she was in the act of striking him, he raised his arm and warded off the blow, pushing the chair towards Morse, who immediately seized it and

thrust it against the plaintiff's stomach, and also struck her with both of his fists in the same place.

The defendants contended that the tenancy of the plaintiff's husband had been terminated by a written lease of the premises from Morse to Garfield; and also offered evidence of the execution and delivery of such lease, and that they had notified the plaintiff and her husband of the execution of the lease, and requested each of them to vacate said premises; and that Morse acted under and in behalf of Garfield, to aid him in gaining possession of the premises.

There was also evidence tending to show that, after Garfield had affirmed the lease, he gave it to an officer since deceased; and that the officer went to see the plaintiff in regard to moving out, and told her that Garfield had the lease.

Morse, in his evidence, denied that he struck the plaintiff, and that he thrust the chair against her, but admitted that he took hold of it; and he testified that, after a struggle, she gave up her hold on it, and agreed to move out of the premises on the next day; and, after he had described the manner in which the chair was taken from her, his counsel asked him the following questions: "1. Did you use any force other than force necessary to take the chair away from her? 2. Did you use any force upon her except to take the chair away from her? 3. Did you intend to use any force except force necessary to take the chair away from her?" The plaintiff objected to the admission of the above questions; and the judge excluded them. Morse was allowed to testify fully as to all he did and said to the plaintiff at the time, and all that she did and said.

Upon this part of the case, the judge instructed the jury that the defendants had the right to use only so much force as was sufficient in degree and suitable in kind to remove the plaintiff from the premises; that it was for the jury to decide, upon all the evidence, whether the force used was sufficient and suitable; and that, if they should find the force was unsuitable in degree or kind, they should return a verdict for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions to the exclusion of the above questions.

*P. H. Cooney*, for the defendants.

*W. B. Gale & W. N. Mason*, for the plaintiff.

By the Court. The defendant, having been allowed to testify fully as to all that was said or done at the time, has no just ground of exception to the exclusion of interrogatories put in such a form that they might well appear to the presiding judge to be objectionable as calling for an opinion upon the question whether the defendants' acts were justifiable.    *Exceptions overrule l.*